■ STANLEY J. SOMER, Respondent, v JILL SOMER, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered May 1, 1986, the defendant wife appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Colby, J.), entered March 8, 1988, which, *inter alia,* (1) denied that branch of her motion which was to vacate an order of the same court (Willen, J.), entered October 16, 1987, which granted the plaintiff husband an option to purchase the marital residence and directed that an appraisal be performed by a court-appointed appraiser, (2) directed the receiver to deliver his deed for her interest in the subject premises to the plaintiff husband upon the plaintiff delivering to the receiver the sum of $225,000, (3) assessed against her the receiver's fees in the sum of $11,250, the appraiser's fees of $400 and the transfer tax of $900, (4)

assessed against her a per diem charge of $120.96, for her use and occupancy of the subject premises for the period beginning January 18, 1988 and ending April 1, 1988, for a total of $8,951.04, (5) ordered her to pay to the plaintiff $1,500, representing her share of utility costs of the premises for the period of December 1, 1987 to March 31, 1988, (6) amended the separation agreement dated March 18, 1986, to provide that the minimum sum due the defendant from the sale of the premises is $225,000 rather than $325,000, and (7) awarded the plaintiff counsel fees totaling $9,750.

Ordered that the order and judgment is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which amended the separation agreement dated March 18, 1986, (2) deleting from the sixth decretal paragraph thereof the sum of $225,000 and substituting therefor the sum of $325,000, (3) deleting the provision thereof which assessed against the defendant a per diem charge of $120.96 for her use and occupancy of the subject premises for the period of January 18, 1988 to April 1, 1988, for a total of $8,951.04, (4) deleting the provision thereof which ordered the defendant to pay to the plaintiff the sum of $1,500 representing her share of utility costs of the premises for the period beginning December 1, 1987 and ending on March 31, 1988, and (5) reducing the amount of counsel fees awarded to $2,250; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended order and judgment; and it is further,

Ordered that the plaintiff, within 20 days after service upon him with a copy of this decision and order, with notice of entry, shall make restitution to the defendant of all moneys already received by him, the retention of which would be inconsistent with the provisions of this decision and order.

The plaintiff and the defendant were married on September 25, 1981. On March 18, 1986, they entered into a separation agreement, and thereafter they were divorced by judgment entered May 1, 1986. The separation agreement survived, but was not merged in the judgment. The only marital property was the marital residence. It is undisputed that the defendant wife contributed $100,000 towards its construction. The separation agreement provided that upon the sale of the marital premises, the proceeds should be disbursed in accordance with a distributive scheme set forth in article XXVI of the separation agreement. Paragraph D provided that notwithstanding the distributive scheme set forth in paragraphs A, B and C of

that article, the defendant "shall receive as a minimum guarantee from the proceeds of the sale of the Marital Residence, the sum of $325,000.00". Paragraph A provided that after payment of a brokerage commission, if any, transfer tax and recording costs, the plaintiff husband would receive the first $500,000, from which he would satisfy the balance of the first mortgage and repay certain specified outstanding loans. The agreement further outlined in detail the various financial responsibilities of the parties.

With respect to the determination of the sale price of the premises, the agreement set the asking price at $1,200,000 as of February 1, 1986. Thereafter the price was to be reduced by $50,000 upon the expiration of every three-month period, until a contract of sale was effected. Each party accuses the other of being the cause of the failure to secure a contract of sale for the house. Both parties agree that by August 1987 the parties' living together in the house resulted in a rather volatile situation, which on occasion was punctuated by physical injury or threat of physical injury. The plaintiff offered to purchase the house for $900,000. This offer was equivalent to an amount which would have been the selling price of the house, had the price formula written into the separation agreement been followed. Pursuant to paragraph A of article XXVI of the separation agreement, this would have yielded the defendant $400,000. The defendant, however, refused the offer, and contended that the plaintiff's offer to buy out her interest in the premises was inconsistent with the provisions of the separation agreement which contemplated the sale of the premises to a third party.

The plaintiff thereafter moved to compel the defendant to permit him to buy the house for $900,000 by paying the defendant her share of $400,000 pursuant to the formula in the separation agreement. The defendant cross-moved, *inter alia*, for the appointment of a receiver to expedite the sale of the house. By order dated October 16, 1987, the Supreme Court, Suffolk County (Willen, J.), granted the defendant's cross motion to the extent of appointing a receiver to expedite the sale, and Breslin Appraisal Co., Inc. to perform an appraisal. The court further granted the plaintiff an option to purchase the house at the appraised value "less five hundred thousand ($500,000.00) dollars in accordance with the [separation agreement]". The order also directed that all costs and expenses incurred in connection with "the receivership, appraisal, etc." would be paid from the gross purchase price, if the plaintiff exercised his option to purchase the house. No

appeal was taken from that order, and on October 30, 1987, Breslin Appraisal Co., Inc. appraised the house at $725,000.

By order to show cause dated January 15, 1988, the receiver moved for (1) permission to execute as receiver a deed conveying the interest of the defendant in the house to the plaintiff, (2) a determination of the amount to be paid by the plaintiff to the defendant for the house, and (3) a determination as to which of the parties is responsible for the costs incurred in connection with the receivership, appraisal and transfer of title. The receiver noted that in view of the appraised value of $725,000 and the distributive scheme granting the first $500,000 to the plaintiff, a question had arisen as to whether the plaintiff was still bound by the terms of the agreement providing a minimum net to the defendant of $325,000, or whether the order dated October 16, 1987 superseded the agreement and thereby entitled the plaintiff to acquire the defendant's interest in the property by paying her only $225,000. The plaintiff then made a cross application, *inter alia,* to compel the receiver to convey the defendant's interest in the property to him. The defendant cross-moved, *inter alia,* (1) to vacate and set aside the order dated October 16, 1987, to the extent that it granted the plaintiff the option to purchase the property, and (2) to vacate and set aside the appraisal by Breslin Appraisal Co., Inc. on the grounds that it was obtained by fraud, deceit and overreaching on the part of the plaintiff.

At the hearing on the motions, testimony established that an employee of Breslin Appraisal Co., Inc. had called the plaintiff to schedule an appointment for a field inspector to see the house, that the inspection of the house had been conducted while neither the defendant nor anyone representing her interests was in the house, and that the plaintiff had been in the house and had accompanied the inspector during part of his tour of the property. The hearing court concluded that the testimony did not establish that the appraisal was contaminated by any conduct by the plaintiff. It, therefore, denied that branch of the defendant's cross motion which sought to set aside the appraisal. On appeal, the defendant contends (1) that her appeal from the order and judgment entered March 8, 1988 brings up for review the earlier order dated October 16, 1987, (2) that the order dated October 16, 1987 improperly modified the separation agreement to the extent that it granted the plaintiff the option to purchase the property, and (3) that the order and judgment entered March 8, 1988 improperly assessed against her the costs and expenses of the receiver and the appraiser, the transfer tax, counsel

fees, a per diem charge for her use and occupancy of the residence for the period January 18, 1988 to April 1, 1988, and a proportion of the utility costs of the house for the period of December 1, 1987 to March 31, 1988. She also contends that the appraisal should be set aside and, finally, that the order and judgment improperly modified the separation agreement to delete her minimum financial guarantee of $325,000.

Initially, we agree with the defendant that the appeal from the order and judgment entered March 8, 1988 brings up for review any nonfinal order which necessarily affects it (see, CPLR 5501 [a] [1]; State of New York v Wolowitz, 96 AD2d 47). However, the order dated October 16, 1987 properly granted the plaintiff the option to purchase the house, in view of the admittedly volatile situation which then existed as a result of the parties living together in the house, and the fact that the house had been on the market for two years and had not been sold. Moreover, by granting the plaintiff the option to purchase the house, the order did not change or modify any material term in the separation agreement.

Our review of the record does not establish that the appraisal was contaminated or that the contact between the plaintiff and the field inspector rose to the level of misconduct (cf., Matter of Buffalo, N. Y. & Philadelphia R. R. Co. [McIntosh], 32 Hun 289). The hearing court, therefore, properly denied that branch of the defendant's cross motion which was to vacate and set aside the appraisal.

However, the order and judgment improperly modified the separation agreement by reducing the minimum amount the defendant would receive from the sale from $325,000 to $225,000. The separation agreement provides that "[n]otwithstanding anything to the contrary hereinabove set forth" in paragraphs A, B and C of article XXVI, the defendant "shall receive as a minimum guarantee from the proceeds of the sale of the Marital Residence, the sum of $325,000.00". We interpret that provision of the agreement as guaranteeing the defendant a minimum net sum of $325,000, and that guarantee takes precedence over the provision in paragraph A of article XXVI which awards the plaintiff $500,000.

We further find that the court improperly assessed against the defendant a per diem charge of $120.96 for her use and occupancy of the residence, for a total of $8,951.04. The hearing to determine whether the appraisal was contaminated was held on January 28, 1988, and the order and judgment appealed from was entered on March 8, 1988. Clearly, the defendant needed a reasonable time to relocate. The hearing

court acknowledged as much. It would be unreasonable to require the defendant to pay for her use and occupancy of the residence in the short time that she stayed there after the hearing on January 28, 1988. The defendant could not be expected to move out of the residence on the same day the plaintiff prevailed at the hearing. In any event, the separation agreement provided that the defendant would pay a certain portion of the mortgage payments, and not a per diem charge for use and occupancy of the residence.

Further it was improper to assess against the defendant any utility costs. As the defendant correctly points out, the separation agreement clearly provided that the plaintiff would pay the first $400 of the monthly utility costs. The defendant was to pay any amounts in excess of the $400. As her computation correctly shows, the average per month utility costs for the period under review was less than $400.

With respect to counsel fees, we find that the affirmation of services of the plaintiff's law partner Carl F. Wand did not set forth any services rendered prior to September 1987. Mr. Wand did not represent the plaintiff at the hearing on January 28, 1988. In fact, when he attempted to address the court, the defendant's attorney objected on the ground the plaintiff was being represented by John E. Long, and Mr. Wand was not of counsel. Mr. Wand implicitly conceded as much when he stated that he was only trying to aid the court in the interest of justice. Yet Mr. Wand claims that he spent five hours at the hearing, for which he requests compensation. It was an improvident exercise of discretion to grant counsel fees based upon an affirmation of services which clearly contained an inaccurate statement with respect to time spent. Under these circumstances, we hold that any counsel fees earned by Mr. Wand should be borne directly by the plaintiff.

The court also erred in awarding Mr. Long counsel fees in the amount of $3,750. Mr. Long's affirmation indicates that the fee actually earned was $2,250. However, he contends that notwithstanding the actual time devoted, his minimum fee remains $3,750. We disagree. His counsel fees should be reduced to $2,250, representing payment for the time actually spent *(see, Sassower v Barone,* 85 AD2d 81).

We find, however, that the court properly assessed against the defendant the receiver's fees, the appraiser's fees and the deed transfer tax. The record shows that the receiver's fees and the appraiser's fees were incurred due to the conduct of the defendant in refusing to accept the plaintiff's initial offer

of $900,000, an amount which at that point in time would have been in accord with the price formula provided for in the separation agreement *(see, Wagenmann v Wagenmann,* 96 AD2d 534).

We remit the matter to the Supreme Court, Suffolk County, for entry of an appropriate amended order and judgment consistent herewith, and direct that restitution be made to the defendant of any moneys already paid by her, whose retention by the recipient would be inconsistent with this decision and order. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.