■ SANDRA HUNT et al., Respondents, v WILLIAM J. GRINKER, as Commissioner of Social Services of the City of New York, Appellant, and CESAR PERALES, as Commissioner of Social Services of the State of New York, Respondent.—Order, Supreme Court, New York County (Martin Stecher, J.), entered on October 4, 1989, which, *inter alia,* directed the New York City Department of Social Services to restore certain public assistance benefits to the petitioners on an interim basis, unanimously modified, on the law, to strike that portion of the order directing the interim restoration of the petitioners' benefits, and otherwise affirmed, without costs.

Order and judgment (one paper) of the same court, entered on or about May 1, 1990, which granted the petitioners' motion to hold the New York City Department of Social Services in contempt for its failure to comply with the October 4, 1989 order, and which granted the motion for leave to appeal the October 4, 1989 order to this court, unanimously modified, on the law, to strike that portion of the order

holding the Department of Social Services in contempt, and otherwise affirmed.

After respondent New York City Department of Social Services (DSS) determined to reduce petitioners' public assistance grant, petitioners commenced this CPLR article 78 proceeding. The IAS court ordered the proceeding transferred to this court, but in the same order granted interim relief directing respondent DSS to restore the discontinued benefits. In a subsequent order and judgment (one paper), the IAS court granted DSS leave to appeal the prior order, and concomitantly held DSS in contempt for failure to comply with that prior order.

The IAS court did not have jurisdiction to direct the interim restoration of the petitioners' public assistance benefits since it is well settled that this court has exclusive jurisdiction to review administrative determinations rendered after a statutorily mandated evidentiary hearing where the issue raised on review is whether the administrative determination is supported by substantial evidence in the record at the administrative hearing. (CPLR 7803 [4]; 7804 [g]; *Matter of O'Donnell v Rozzi,* 99 AD2d 494.)

In any event, contrary to the assertion of the IAS court, the Code of Federal Regulations does not support the interim restoration of public assistance benefits discontinued after a statutorily mandated fair hearing, but rather expressly mandates that "[a]ssistance shall not be continued after an adverse decision to the claimant at the evidentiary hearing" (45 CFR 205.10 [a] [6] [iii]).

The IAS court also exceeded its authority in holding the DSS in contempt of its October 4, 1989 order directing the interim restoration of benefits, since that order was automatically stayed pursuant to CPLR 5519 (a) (1) by service of the DSS affidavit of intent to move for leave to appeal, and since CPLR 5519 (c) authorizes only the court to which the appeal is taken to vacate or modify that automatic stay *(Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102). Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.