■ BEATRICE H. BOCK, Respondent-Appellant, v RICHARD M. BOCK, Appellant-Respondent. (Action No. 1.) RICHARD M. BOCK, Appellant-Respondent, v BEATRICE H. BOCK, Respondent-Appellant. (Action No. 2.) RICHARD M. BOCK, Appellant-Respondent, v BEATRICE H. BOCK, Respondent-Appellant, et al., Defendant. (Action No. 3.)—In a matrimonial action in which the parties were previously divorced and which was consolidated with other related plenary actions, Richard M. Bock appeals from (1) so much of an order of the Supreme Court, Nassau County (Di Noto, J.), entered June 15, 1989, as (a) directed that the fees of a receiver appointed to act for Beatrice Bock in connection with the sale of the former marital residence be borne equally by the parties, and (b) directed that the proceeds of the sale be deposited with the Clerk of the Court and (2) an order of the same court, entered September 13, 1989, which denied his motion for reargument of these issues. Beatrice H. Bock cross-appeals from stated portions of the order entered June 15, 1989.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.2 [d], [f]); and it is further,

Ordered that the appeal from the order entered September 13, 1989, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 15, 1989, is modified, on the law and in the exercise of discretion, by deleting from the fourth decretal paragraph thereof the phrase "equally by the parties and are to be paid out of the proceeds of the sale of the hereinabove described premises", and substituting therefor the phrase "by Beatrice H. Bock and are to be paid out of her share of the proceeds of the sale of the hereinabove described premises", by deleting from the eighth decretal paragraph the phrase: "with the Clerk of this Court" and substituting therefor the phrase: "with the attorneys for Richard M. Bock in their attorney escrow account, subject to the direction of the court at the conclusion of the hearing directed herein", and by deleting from the penultimate paragraph thereof the phrase "Clerk of this Court" and substituting therefor the phrase: "the attorneys for Richard M. Bock"; and as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The husband sought to enforce certain provisions of a stipulation of settlement that were incorporated into but not merged in the divorce judgment. He wanted to compel the sale of the former marital residence as provided in the stipulation. This relief was granted and the court appointed a receiver to act on the wife's behalf in connection with the sale. On appeal, the husband contends that the court erred in providing that the cost of the receiver be borne equally by the parties. He argues that the receiver represents only the wife's distinct interest in the property and that the stipulation of settlement provides that the noncooperating party bear the cost incurred in enforcing the stipulation. In addition, he contends that the court erred in providing that the proceeds of the sale be deposited with the clerk of the court in the absence of any counterclaim by the wife.

The stipulation of settlement explicitly provides that "each of the parties does hereby agree that he or she will forever save and hold harmless and indemnify the other on account of any claim or cost which may be asserted or incurred * * * for any act or omission in violation of this Stipulation". The appointment of a receiver was necessary because the wife did not cooperate in effectuating the sale of the former marital residence as required by the stipulation. Therefore, the expense of the receiver was incurred as a result of an act or omission by the wife in violation of the stipulation and the cost of the receiver must be borne by the wife from her share of the proceeds of the sale (see, Choy v Choy, 137 AD2d 784; see also, Breed, Abbott & Morgan v Hulko, 139 AD2d 71, affd 74 NY2d 686).

The court did not err in declining to release to the husband his portion of the proceeds of the sale. However, in the exercise of our discretion, we find that the proceeds should have been deposited with the attorneys for Richard M. Bock in their attorney escrow account rather than with the clerk of the court.

We dismiss the husband's appeal from the order entered September 13, 1989, as we find this order to have been a denial of a motion for reargument, from which no appeal lies, rather than a denial of a motion for renewal, as the husband contends. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.