█ Jessi-Ann Maieli, Respondent, v Chris L. Maieli, Appellant. [636 NYS2d 490] —Cardona, P. J. Appeal from that part of a judgment of the Supreme Court (Altman, J.H.O.) ordering payment of child support, medical costs and maintenance to plaintiff, entered January 27, 1995 in Sullivan County, upon a decision of the court.

The parties to this action were married on May 25, 1987 and have one daughter, born in 1989. Following the parties' separation, plaintiff commenced this action for divorce in 1990 and, thereafter, an interim order was apparently entered requiring defendant to pay $556 per month in child support and $364 per month in maintenance. On October 25, 1994, the parties appeared before Supreme Court. Among other things, Supreme Court mentioned on the record that defendant was seeking to lower his support and maintenance payments based upon his involuntary unemployment from his former job where his gross income was approximately $42,000. The court indicated that defendant was now earning approximately $300 per week in unemployment insurance benefits. It was noted that plaintiff was a full-time teacher earning approximately $14,000 per year. Along with granting plaintiff a divorce, dividing defendant's pension and awarding custody of the parties' child to plaintiff, Supreme Court ordered that defendant, who had received $10,000 in severance pay when he was laid off, should continue paying the amounts set forth in the prior order and that the maintenance award would be nondurational. The court also determined that in the event defendant finds work or attains health insurance from some other source, he would also be obligated to pay the medical expenses of the parties' child and apparently plaintiff as well. Defendant appeals from

that part of the judgment determining the issues of child support, maintenance and obligation to pay medical costs.

Initially, we note that in reaching its decision, Supreme Court based its findings on an oral determination of the issues which it labeled a "stipulation". There is nothing in the record, however, to support the contention that the parties knowingly and voluntarily agreed to the issues currently in dispute (cf., Weaver v Weaver, 192 AD2d 777; see also, Sheridan v Sheridan, 202 AD2d 749). In addition, the record before this Court is inadequate to support the judgment on these issues. In resolving the issue of maintenance, the court did not address the statutory factors it relied upon and articulate the reasons for its conclusions (see, DeSantis v DeSantis, 205 AD2d 928). The record is also insufficient to afford this Court the capability of an adequate review to make appropriate findings on this issue. The same holds true for the issues of child support and medical expenses. In this regard, we also note that no financial evidence or testimony from the parties on the disputed issues has been included in the record. We must, therefore, remit this matter to Supreme Court for further proceedings on the issues of maintenance, child support and medical expenses (see, Dean v Dean, 214 AD2d 786) accompanied by a consideration of the appropriate statutory factors (see, e.g., Domestic Relations Law § 236 [B] [6] [a]; [7]).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as determined the issues of maintenance, child support and payment of medical expenses; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.