■ CHARLES H. MENZEL, Respondent, v JOAN T. ENZIEN, Appellant. [675 NYS2d 397] —Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 23, 1997 in Saratoga County, which, *inter alia*, denied defendant's motion to hold plaintiff in contempt of court for failure to comply with the parties' separation agreement.

The parties are the parents of two sons, born in 1978 and 1979. Their February 20, 1986 separation agreement was incorporated but not merged into a March 1986 judgment of divorce. Following several written modifications of the custody and visitation provisions of the separation agreement, in July 1996 defendant moved for an order of contempt based upon plaintiff's alleged failure to comply with the terms of the separation agreement, as amended, and also sought to modify the judgment of divorce so as to grant her sole custody of the children, fix child support and make an award of counsel fees on that application. Supreme Court issued a temporary order, entered September 3, 1996, granting defendant primary physical custody of the children and directing plaintiff to pay weekly child support of $84.45 per child in accordance with the February 20, 1986 separation agreement and $1,000 in counsel fees to defendant's attorney. Thereafter, plaintiff moved and defendant cross-moved to modify the support terms of the temporary

order. Following conferences and settlement negotiations, plaintiff's counsel advised Supreme Court that the parties had come to terms on child support and requested that Supreme Court enter an order establishing plaintiff's support obligation in accordance with the parties' agreement and dismissing the contempt motion. Despite defendant's protestations that nothing more than a conditional agreement had been reached and that no stipulation of settlement had been placed on the record, Supreme Court entered an order fixing custody and support in accordance with the parties' purported stipulation and denying defendant's contempt motion. Defendant appeals.

In view of the parties' present agreement that no stipulation was made between the parties or their counsel in open court or reduced to writing (*see,* CPLR 2104) and the paucity of competent evidence on which to base our own determination, we have no reasonable alternative but to reverse Supreme Court's order and remit the matter for trial and determination of all disputed issues, including support and counsel fees, and determination of defendant's contempt motion (*see, Maieli v Maieli,* 223 AD2d 909; *Sheridan v Sheridan,* 202 AD2d 749). In view of the fact that we are unaware of the parties' present circumstances, support shall continue at the present rate pending further order of Supreme Court upon a motion of either party.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.