■ In the Matter of ROGERS HICKS, Appellant, v KENNETH A. SCHOETZ, as Erie County Attorney, et al., Respondents. [691 NYS2d 219] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner appeals from an order of Supreme Court directing respondents, who are County officials responsible for the operation of the Erie County Holding Center, to "allow petitioner, in his capacity as a paralegal for [attorney Jeffrey M.] Jayson visitation with inmates at the Erie County Holding Center as accorded other legal personnel," but denying petitioner's application to hold respondents in contempt for their alleged willful violation of a prior judgment of Supreme Court. That prior judgment granted petitioner's CPLR article 78 petition and ordered that respondents "permit the petitioner access to the Erie County Holding Center or other holding facilities under their jurisdiction to interview clients of attorney Jeffrey M. Jayson."

Petitioner contends that the court erroneously regarded the dispute as settled by the parties and erroneously entered its order on that basis; improperly redetermined certain factual and legal issues previously decided; and erred in refusing to hold respondents in contempt of the prior judgment.

The record provides no basis for concluding that an enforceable stipulation of settlement was entered into between the parties. Pertinent discussions took place off the record, and there is nothing to indicate an agreement by petitioner or his attorney to specific terms of settlement. Absent the formalities required by statute, the alleged stipulation of settlement is not enforceable (*see,* CPLR 2104; *Marpe v Dolmetsch,* 256 AD2d 914; *Johnson v Four G's Truck Rental,* 244 AD2d 319; *Shenoy v Buffalo Med. Group,* 213 AD2d 1012; *Bedrosian v McCollum,* 209 AD2d 778, 779-780). In the absence of a settlement,

petitioner may maintain this appeal and challenge the substance of the order.

The court did not erroneously reconsider whether petitioner is in fact functioning as attorney Jayson's paralegal. In granting petitioner the same access to the Erie County Holding Center as other paralegals, the court impliedly found that petitioner is functioning as Jayson's paralegal.

The court erred, however, in reconsidering the legal issue whether petitioner is entitled to unmonitored contact visits with inmates. The record reveals no request by respondents for reconsideration of that issue and no basis for reconsideration. In a previous decision and judgment by another Justice of Supreme Court, petitioner was granted unmonitored contact visits. Indeed, in initial argument before that Justice, the County Attorney conceded that petitioner had a right to make contact visits, but asserted that jail officials could limit or monitor those visits. In the previous decision and judgment, however, Supreme Court expressly held that jail officials could visually monitor visits between petitioner and inmates but could not monitor their conversations. Because respondents never perfected their appeal from that judgment, it represents a final determination on the merits concerning the scope of petitioner's access to the jail. Insofar as the subsequent order purported to narrow petitioner's access, that order was in error and violated the law of the case.

We conclude that Supreme Court did not abuse its discretion in refusing to find respondents in contempt of court. Enforcement of Supreme Court's prior judgment, which was executory, not prohibitory (*see, State of New York v Town of Haverstraw*, 219 AD2d 64, 65; *see also, Cold Spring Light, Heat & Power Co. v Selleck*, 256 NY 451, 457; *Matter of Meyer*, 209 NY 59, 68), was automatically stayed by respondents' filing of a notice of appeal (*see*, CPLR 5519 [a] [1]). Because contempt is an enforcement measure (*see*, CPLR 5104), the automatic stay precluded petitioner from successfully maintaining this contempt proceeding against respondents during the pendency of the prior appeal (*see*, CPLR 5519 [a] [1]; [e]; *Hunt v Grinker*, 169 AD2d 477, 478; *Town of Plattekill v Dutchess Sanitation*, 56 AD2d 951, 951-952; *Wecksler v Wecksler*, 31 AD2d 798, 799; *Matter of Yellin*, 10 AD2d 555).

We therefore modify the order by vacating the first ordering paragraph and by directing respondents, consistent with Supreme Court's prior decision and judgment in this matter, to allow petitioner, in his capacity as a paralegal for attorney Jeffrey M. Jayson, unmonitored contact visitation with inmates at

the Erie County Holding Center, such as accorded other legal personnel. (Appeal from Order of Supreme Court, Erie County, Pigott, Jr., J.—Contempt.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.