■ ELLEN BEIGE, Respondent, v JOEL BEIGE, Appellant. [701 NYS2d 58] —In a matrimonial action in which the parties were divorced by judgment entered May 22, 1997, the defendant appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated May 19, 1998, which denied his oral application to dismiss the plaintiff's application for an award of counsel fees on the ground of noncompliance with 22 NYCRR part 1400, and (2) a judgment of the same court, entered July 7, 1998, which awarded the plaintiff counsel fees in the principal amount of $52,675.40.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). In addition, the appeal from the order must be

dismissed because the order did not decide a motion made on notice, and therefore is not appealable as of right (*see,* CPLR 5701 [a] [2]). The issues raised with respect to the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly denied the defendant's oral application to dismiss the plaintiff's application for an award of counsel fees on the ground that the plaintiff failed to comply with the provisions of 22 NYCRR part 1400. The initial retainer agreement was executed on April 30, 1993, well before the November 30, 1993, effective date of 22 NYCRR part 1400. Accordingly, the retainer agreement did not violate the subject rules. Moreover, the plaintiff had been continuously represented by her retained counsel almost from the inception of this matrimonial action. Thus, counsel's representation of the plaintiff was governed by the terms of the original retainer agreement.

We further note that while the plaintiff's counsel requested that she execute an updated retainer agreement in compliance with the new rules, this does not bring counsel's representation within the scope of 22 NYCRR part 1400. In any event, the updated retainer specifically acknowledged the existence of the continuous representation.

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.