■ KAREN STERN, Respondent, v ROBERT STERN, Appellant. [708 NYS2d 707] —In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Lally, J.), entered July 29, 1998, which, after a nonjury trial, *inter alia*, (a) directed an equal distribution of the marital property, (b) awarded the plaintiff child support in the sum of $199 per week, (c) failed to award him a credit for pendente lite child support payments, and (d) awarded the plaintiff an attorney's fee of $25,000, and (2) from an order of the same court, dated July 24, 1998, which granted the plaintiff's oral application for the appointment of a receiver to sell the marital residence. .

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by (1) deleting the 11th decretal paragraph thereof directing an equal distribution of the marital property, and (2) deleting from the 13th decretal paragraph the sum of $25,000 and substituting therefor the sum of $10,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant contends that the Supreme Court erred in directing that the parties' marital property be distributed equally based upon a stipulation allegedly entered into between the parties during the course of trial. We agree. Although stipulations of settlement made in open court are judicially favored and will not be lightly cast aside (*see, Natole v Natole,* 256 AD2d 558; *Matter of Gruntz,* 168 AD2d 558), the record is inadequate to demonstrate that either the defendant or his attorney actually consented to the equal distribution of assets proposed by the plaintiff's attorney. Accordingly, the alleged stipulation is unenforceable (*see,* CPLR 2104; *Matter of Hicks v Schoetz,* 261 AD2d 944; *Menzel v Enzien,* 252 AD2d 726; *Maieli v Maieli,* 223 AD2d 909). The matter must be remit-

ted to the Supreme Court, Nassau County, for a de novo determination as to the proper division of the parties' marital property based upon the statutory factors set forth in Domestic Relations Law § 236 (B) (5) (d).

Contrary to the defendant's contention, the Supreme Court properly imputed income to him for the purpose of determining his child support obligation (*see, Mellen v Mellen,* 260 AD2d 609; *Morrissey v Morrissey,* 259 AD2d 472; *Matter of Mobley-Jennings v Dare,* 226 AD2d 730). The Supreme Court, however, failed to determine whether the defendant is entitled to a credit for temporary child support payments he made pursuant to a pendente lite order. In order to calculate the defendant's retroactive support obligation, upon remittitur the court should determine the amount of temporary child support paid by the defendant pursuant to the pendente lite order, including any portion of the carrying charges for the marital residence which he paid and which can appropriately be allocated to temporary child support. The defendant should be permitted to offset such payments against accrued arrears from the effective date of his support obligation until the date of the judgment (*see, Crane v Crane,* 264 AD2d 749; *Mellen v Mellen, supra*; *Ferraro v Ferraro,* 257 AD2d 598).

Although the Supreme Court did not improvidently exercise its discretion in requiring the defendant to pay a portion of the plaintiff's counsel fees (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879), considering the respective financial circumstances of the parties and the defendant's relatively modest income, we reduce the award of an attorney's fee to $10,000.

The defendant's appeal from the order which granted the plaintiff's oral application for the appointment of a receiver to effectuate the sale of the marital premises is dismissed because the order is not appealable as of right and leave to appeal has not been granted (*see,* CPLR 5701 [a] [2]; *Beige v Beige,* 265 AD2d 438).

The defendant's remaining contentions are without merit. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.