■ KAREN STERN, Respondent, v ROBERT STERN, Appellant. OWEN SMITH, Nonparty Respondent. [723 NYS2d 514] —In a matrimonial action in which the parties were divorced by judgment entered July 29, 1998, the defendant appeals, as limited by his brief, from (1) stated portions of a *sua sponte* order of the Supreme Court, Nassau County (Lally, J.), entered December 3, 1999, which, *inter alia,* directed that certain fees be deducted from his share of the proceeds derived from the sale of the marital residence, and (2) so much of a *sua sponte* amended order of the same court, dated December 8, 1999, as directed that (a) the fees of the receiver and the receiver's attorney, (b) bank legal fees related to the foreclosure on the first mortgage on the marital residence, (c) certain adjustments pursuant to the judgment of divorce, and (d) half of the remaining balance of a second mortgage on the marital residence, be deducted from his share of the proceeds of the sale of the marital residence, and directed that the balance of the proceeds be divided equally between the parties pursuant to the judgment of divorce.

Ordered that on the Court's own motion, the defendant's notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the orders are modified, by deleting the provisions thereof deducting from the defendant's share of the proceeds of the sale of the marital residence certain adjustments pursuant to the judgment of divorce and directing the receiver to divide the balance of the proceeds of the sale equally between the parties pursuant to the judgment of divorce; as so modified the orders are affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith and in accordance with a decision and order of this Court dated June 12, 2000 (*see, Stern v Stern,* 273 AD2d 298); and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court properly assessed against the defendant's share of the proceeds of the sale of the marital residence the total fee of the receiver, as well as $11,120 of the $12,800 fee of the receiver's attorney. The record supports the Supreme Court's conclusion that appointment of the receiver to sell the parties' marital residence was necessitated by the defendant's obstruction and delaying tactics (*see, Bock v Bock,* 170 AD2d 423, 424; *Somer v Somer,* 155 AD2d 591, 596).

The defendant's contentions that the receiver's fee is excessive and the fee for the receiver's attorney's is unwarranted, are without merit, as the defendant stipulated in open court that both fees were reasonable. On appeal, he does not dispute that stipulation and he did not seek to vacate it on the grounds of fraud, overreaching, mistake, or duress (*see,* CPLR 2104; *Natole v Natole,* 256 AD2d 558, 559).

The Supreme Court also properly assessed against the defendant the foreclosure legal fees of the bank which held a first mortgage on the marital residence. The mortgage went into foreclosure not because of any act or omission by the plaintiff, but as a result of the defendant's failure to make payments on the mortgage for which he was responsible pursuant to both a pendente lite order and the judgment of divorce. Accordingly, the total amount of the bank's legal fees relating to the foreclosure action were properly assessed against the defendant (*see, Bock v Bock, supra; Somer v Somer, supra*).

However, we agree with the defendant's contention that the matter must be remitted to the Supreme Court to recalculate the amounts due to each party from the proceeds of the sale of the marital residence. The orders on appeal were issued while the defendant's appeal from the divorce judgment was pending. That appeal was decided on June 12, 2000 (*see, Stern v Stern,* 273 AD2d 298). As a result, the orders on appeal do not reflect the rulings of our decision in which we (1) remitted the

matter for (a) a de novo determination as to the proper division of the parties' marital property based upon the statutory factors of Domestic Relations Law § 236 (B) (5) (d), and (b) calculation of credits for temporary child support payments the defendant made pursuant to the pendente lite order, and (2) reduced the award of attorney's fees to the plaintiff from $25,000 to $10,000.

The defendant's remaining contention is without merit. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.