◼ NEIL O'DONNELL, Respondent, v CYNTHIA O'DONNELL, Appellant. [733 NYS2d 495] —In a matrimonial action in which the parties were divorced by judgment entered May 30, 2000, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 13, 2000, as denied that branch of her motion which was to vacate so much of the judgment of divorce as related to maintenance, tuition, child support, and the distribution of the marital assets.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant's motion which was to vacate so much of the judgment of divorce as related to maintenance, tuition, child support, and the distribution of marital assets is granted, the fifth through tenth decretal paragraphs of the judgment of divorce are deleted, the words "Stipulations of Settlement entered into between the parties on the 4th day of November, 1999 and 10th day of January, 2000" are deleted from the eleventh decretal paragraph thereof and the words "Stipulation of Settlement entered into between the parties on the 4th day of November 1999" are substituted therefor, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

The Supreme Court erred in incorporating into the judgment of divorce the terms of an open-court stipulation allegedly entered into by the parties on January 10, 2000. An open-court stipulation of settlement is judicially favored and will not be lightly set aside (*see, Jablonski v Jablonski,* 275 AD2d 692;

*Natole v Natole,* 256 AD2d 558). However, the record does not reflect that the defendant or her attorney consented to the terms placed on the record by the plaintiff's attorney on January 10, 2000. The purported stipulation is therefore unenforceable (*see,* CPLR 2104; *Stern v Stern,* 273 AD2d 298; *Matter of Hicks v Schoetz,* 261 AD2d 944; *Menzel v Enzien,* 252 AD2d 726; *Maieli v Maieli,* 223 AD2d 909). Accordingly, that branch of the defendant's motion which was to vacate so much of the judgment of divorce as related to maintenance, tuition, child support, and the distribution of marital assets should have been granted, and the matter is remitted to the Supreme Court, Rockland County, for a de novo determination concerning those issues. Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.