■ Gabriel A. Egwuonwu et al., Respondents, v Evert Simpson et al., Appellants. [771 NYS2d 725]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated September 11, 2002, which granted the plaintiffs' motion pursuant to CPLR 3404 to restore the case to the trial calendar.

Ordered that the order is affirmed, with costs.

In *Basetti v Nour* (287 AD2d 126 [2001]), this Court discussed various courses of action available to a trial court in the exercise of its discretion when, as here, a party fails to appear or for some reason is unable to proceed at a call of the trial calendar, and the various consequences to the defaulting party (*see also Lopez v Imperial Delivery Serv.,* 282 AD2d 190 [2001]). Consequently, we emphasized the need for trial courts to tailor the course of action chosen to the facts and circumstances of each case in order to further the underlying purpose of the IAS system, i.e., to move cases expeditiously and fairly to resolution (*see Basetti v Nour, supra* at 134). Accordingly, we observed: "a default should be treated consistently with what it is, a serious failure to recognize the importance of the orderly disposition of cases . . . Consequently, when a trial court is faced with a situation which is 'in the nature of a default,' CPLR 3404 should be

used sparingly and certainly not in a multiple default situation. Just as multiple adjournments favor dilatory litigants, so does successive use of CPLR 3404" (*id.*). The result that we expressed concern about has taken place here. Nonetheless, we are constrained to agree with the plaintiffs that the determination of the trial court striking the case from the trial calendar a second time pursuant to CPLR 3404, rather than dismissing the complaint pursuant to 22 NYCRR 202.27, is not brought up for review on this appeal from the order granting the plaintiffs' motion to restore the case to the trial calendar. Consequently, affirmance is required. However, this appeal raises issues not addressed in *Basetti* that, given the idiosyncrasies in this area of pretrial practice, warrant further discussion.

As a rule, a court's determination as to which course of action to pursue when a party fails to appear or announce a readiness to proceed at a call of the trial calendar is not embodied in a written order, or any other writing from the court, but is often, at best, a mere entry on the court docket. Moreover, the court's determination is not always clearly spelled out in the record of the proceedings. Here, for example, the plaintiffs assert "upon information and belief" that the action was stricken pursuant to CPLR 3404 because the "Unified Court System computer lists the case as 'Stricken,' not 'Dismissed.' " Further, even if the court's determination was embodied in a written order, the order would not determine a motion made on notice and, therefore, would not be appealable as of right (*see* CPLR 5701; *Sholes v Meagher*, 100 NY2d 333 [2003]; *Beige v Beige*, 265 AD2d 438 [1999]). Nor would such an order be brought up for review, as here, on an appeal from a subsequent order granting a motion to restore the case to the trial calendar (*see generally Weinberg v Hertz Corp.*, 69 NY2d 979 [1987]). Finally, although the determination would be brought up for review on an appeal from a final judgment (*see* CPLR 5501 [a]; 5701 [a] [1]), awaiting such time to seek review would, at the least, be contrary to the goal of the expeditious and fair resolution of cases, and no doubt result in the waste of time, money, and scarce judicial resources. Here, the defendants might have obtained appellate review of the challenged determination had they, for example, requested that the court reduce its determination to a written order and then either sought leave to appeal from the order (*see* CPLR 5701 [c]), or made a motion on notice to vacate or modify the order embodying the court's determination striking the case from the trial calendar a second time and, if warranted, appealed the resulting order (*see* CPLR 2221, 5701 [a] [3]; *Sholes v Meagher, supra*; *Velasquez v C.F.T., Inc.*, 267 AD2d 229 [1999]). These examples are illustrative, not exhaustive. Here, because

neither these nor any other permissible procedure was pursued by the defendants to bring the challenged determination before this Court on this appeal, affirmance is required. Ritter, J.P., Florio, Smith, H. Miller and Crane, JJ., concur.