■ In the Matter of ROGERS HICKS, Appellant, v KENNETH A. SCHOETZ, as Erie County Attorney, et al., Respondents. [784 NYS2d 416]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered January 24, 2003. The order denied petitioner's motion for attorneys' fees pursuant to 42 USC § 1988 (b).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, a paralegal, commenced a CPLR article 78 proceeding against respondents seeking access to the Erie County Holding Center to interview clients. Petitioner sought relief on several grounds, including the ground that respondents denied him a fundamental constitutional right of access to the court. Although Supreme Court found in favor of petitioner on his petition (*see Matter of Hicks v Schoetz,* 261 AD2d 944 [1999]), the court granted the petition on the ground that respondents had abused their discretion and not based on any violation of a constitutional right.

The court properly denied petitioner's motion seeking attorneys' fees pursuant to 42 USC § 1988 (b). That statute allows a court, in its discretion, to award "reasonable attorney's fee[s]" to a "prevailing party" in an action or proceeding pursuant to, inter alia, 42 USC § 1983. Section 1983 allows recovery for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Because petitioner did not prevail on any cause of action for violation of a federal constitutional or statutory right (*see Maine v Thiboutot,* 448 US 1, 4-5 [1980]), petitioner cannot recover attorneys' fees pursuant to section 1988. We conclude that the remaining issue raised by petitioner is without merit. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.