■ In the Matter of JEFFREY JOSEPH PLACIDI, Appellant, v DIANA LYNN SLEIERTIN, Respondent. [878 NYS2d 528]—

Appeal from an order of the Family Court, Onondaga County (George M. Raus, R.), entered October 12, 2007 in a proceeding pursuant to Family Court Act article 6. The order denied the motion of petitioner to vacate an order modifying a prior custody order.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is

granted, the order entered June 25, 2007 is vacated, and the matter is remitted to Family Court, Onondaga County, for a new hearing in accordance with the following memorandum: Petitioner father commenced this proceeding seeking to modify a prior custody order, and respondent mother cross-petitioned to modify that order. The Referee terminated the hearing during the father's presentation of evidence and conducted an off-the-record conference with the parties concerning a potential settlement. The Referee never resumed the hearing and, following additional settlement negotiations, the Referee directed the parties and the Law Guardian to submit proposed orders to him. The father objected to the Law Guardian's proposed order on the ground that the parties had not stipulated to the substantive content of the decretal paragraphs. By order entered June 25, 2007, the Referee adopted the Law Guardian's proposed order and thereby modified the prior custody order.

We agree with the father that the Referee erred in denying his subsequent motion to vacate the June 25, 2007 order. In support of the motion, the father established that neither he nor his attorney consented to the terms of the order (*see Christopher v Christopher*, 41 AD3d 1305 [2007]), and "[t]he record provides no basis for concluding that an enforceable stipulation of settlement was entered into between the parties" (*Matter of Hicks v Schoetz*, 261 AD2d 944, 944 [1999]; *see also Stern v Stern*, 273 AD2d 298 [2000]). Contrary to the contention of the mother, the Referee erred in terminating the hearing before the father had completed the presentation of his case and the mother was afforded an opportunity to present evidence. Although "[n]o hearing is required upon a custody petition when the [Referee] possesses sufficient information to make a comprehensive assessment of the best interests of the child[ ]" (*Matter of Van Orman v Van Orman*, 19 AD3d 1167, 1168 [2005]; *see Matter of Christina M.M. v Shondell R.B.*, 48 AD3d 1202 [2008]), that was not the case when the Referee terminated the hearing. We therefore reverse the order, grant the motion, vacate the June 25, 2007 order, and remit the matter to Family Court for a new hearing before a different adjudicator. Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.