DeMarco v Severance (2023 NY Slip Op 04284)

DeMarco v Severance

2023 NY Slip Op 04284

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

546 CA 22-00916

[*1]DEBRA A. DEMARCO AND PETER DEMARCO, PETITIONERS-APPELLANTS,
v
DOMINICK A. SEVERANCE AND ASHLEY M. SEVERANCE, RESPONDENTS-RESPONDENTS. 

HOGANWILLIG PLLC, AMHERST (DANIEL S. GVERTZ OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
SERCU & SERCU, LLP, PITTSFORD (MARILEE G. SERCU OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeals from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered November 19, 2021. The order granted respondents' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petitions are reinstated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioners commenced this proceeding with separate petitions pursuant to Domestic Relations Law § 72 seeking visitation with respondents' children, i.e., petitioners' grandchildren. The petitions were consolidated to a single proceeding and, after a hearing on the petitions began, Supreme Court sua sponte terminated the hearing before petitioners had completed the presentation of their case and informed the parties that it would entertain written submissions on the issue whether petitioners could maintain their petitions in light of the ostensibly undisputed evidence of acrimony between the parties and respondents' strenuous objection to visitation. Respondents then moved for summary judgment dismissing the petitions. The court granted the motion, first by presuming that petitioners had standing and then by reasoning that visitation with petitioners was not in the children's best interests. Petitioners appeal.
We agree with petitioners that, under the circumstances of this case, the court erred in granting respondents' motion and in terminating the hearing before petitioners had completed the presentation of their case (see Matter of Placidi v Sleiertin, 61 AD3d 1340, 1341 [4th Dept 2009]). "[E]ven where . . . a grandparent has established standing to seek visitation, 'a grandparent must then establish that visitation is in the best interests of the grandchild
. . . Among the factors to be considered are whether the grandparent and grandchild have a preexisting relationship, whether the grandparent supports or undermines the grandchild's relationship with his or her parents, and whether there is any animosity between the parents and the grandparent' " (Matter of Honeyford v Luke, 186 AD3d 1049, 1051 [4th Dept 2020]; see Matter of E.S. v P.D., 8 NY3d 150, 157-158 [2007]; Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1433 [4th Dept 2012]). Visitation and "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry' " (S.L. v J.R., 27 NY3d 558, 563 [2016], quoting Obey v Degling, 37 NY2d 768, 770 [1975]), "[u]nless there is sufficient evidence before the court to enable it to undertake a comprehensive independent review of the child['s] best interests" (Burns v Grandjean, 210 AD3d 1467, 1471 [4th Dept 2022] [internal quotation marks omitted]). Upon our review of the record, we conclude that, "[a]bsent a[ full] evidentiary hearing, . . . the court here lacked sufficient evidence . . . to enable it to undertake a comprehensive independent review of the [children]'s best interests" (id. at 1471-1472 [internal quotation marks omitted]; see Placidi, 61 AD3d at 1341). We therefore reverse the order, deny [*2]the motion, reinstate the petitions, and remit the matter to Supreme Court for a full evidentiary hearing on the petitions.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court