Lam v BDDW Studio, LLC (2025 NY Slip Op 51618(U))

[*1]

Lam v BDDW Studio, LLC

2025 NY Slip Op 51618(U)

Decided on October 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2025

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570628/25

Frank Lam and Cynthia Lam, Petitioners-Landlords- Appellants

against

BDDW Studio, LLC, Respondent-Tenant-Respondent.

Landlords, as limited by their briefs, appeal from those portions of an order of the Civil Court of the City of New York, New York County (Jeffrey S. Zellan, J.), dated April 9, 2025, which denied their motion for summary judgment on the nonpayment petition and for interim use and occupancy, and, sua sponte, transferred the proceeding from the commercial landlord-tenant part to the residential housing part.

Per Curiam.

Order (Jeffrey Zellan, J.), dated April 9, 2025, modified, to vacate the branch of the order transferring the proceeding to the residential housing part, as modified, order affirmed, without costs.

To the extent that the order sua sponte transferred the proceeding to the housing part, that portion of the order is not appealable as of right (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]; Ray v Chen, 148 AD3d 568, 569 [2017]). However, in the interest of judicial economy (see Egwuonwu v Simpson, 4 AD3d 500, 501 [2004]), we sua sponte deem the notice of appeal to be a motion for leave to appeal, and grant such leave (CPLR 5701 [c]; see Sholes v Meagher, 100 NY2d at 335, n 1; Serradilla v Lords Corp., 12 AD3d 279, 280 [2004]).

Rather than transferring this commercial nonpayment proceeding to the residential housing part, the court should have denied landlords' motion for summary judgment. "Where a premises is used for residential purposes with the landlord's knowledge and acquiescence, a [] proceeding must be brought in the Housing Part, and a proceeding not brought in said Part must be dismissed notwithstanding the commercial nature of the lease" (Freeman St. Properties, LLC v Coirolo, 17 Misc 3d 137[A], 2007 NY Slip Op 52299 [U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007], citing 22 NYCRR § 208.42 [a]; U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1999]; Glebow Realty Assoc. v Dietrich, 81 Misc 3d 138[A] [App Term, 1st Dept 2023]). Based upon the limited record developed thus far, material factual issues remain outstanding as to the alleged residential use of the subject premises and whether landlords knew or acquiesced in its residential use (see Amush Enters., LLC v Wallace, 47 Misc 3d 154[A], 2015 NY Slip Op 50851[U] [App Term, 1st Dept 2015]; compare Freeman Street Properties, LLC v Coirolo, 17 Misc 3d 137[A] [tenant "overwhelmingly established, and landlord failed to dispute by one with personal knowledge of the facts, that landlord and its predecessor knew of, and acquiesced in, the [*2]residential use of the subject apartment, which was fully fixtured for residential use when tenants took possession]).

This Court need not pass judgment upon landlords' application for interim use and occupancy, an issue not reached below (see FS 45 Tienmann Place LLC v Gomez, 38 Misc 3d 135[A], 2013 NY Slip Op 50132[U] [App Term, 1st Dept 2013]). Our disposition is without prejudice to landlords' right to renew its application for such relief in Civil Court.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: October 16, 2025