■ MICHAEL I. SOLOMON, Individually and as Copartner of REICH & SOLOMON, Appellant, v EDWIN M. REICH, Individually and as Copartner of REICH & SOLOMON, Respondent. — In an action, *inter alia,* for the dissolution of a partnership and for an accounting, plaintiff appeals from an order of the Supreme Court, Westchester County (Burchell, J.), dated June 17, 1981, which, *inter alia,* denied his motion to hold defendant in contempt for failure to file an accounting pursuant to a previously granted interlocutory judgment. Order reversed, with $50 costs and disbursements, and plaintiff's motion is granted, unless defendant submits an accounting in accordance with the interlocutory judgment dated March 12, 1981. Defendant is to submit the accounting within 30 days after service upon him of a copy of the order to be made hereon, together with notice of entry. An interlocutory judgment was entered directing that defendant file a "verified formal complete accounting". This judgment set forth detailed instructions as to what the accounting was to encompass. Defendant submitted more than 180 pages of untabulated ledger sheets, coupled with a one-page statement purporting to be an accountant's conclusions of what was contained therein. Special Term denied plaintiff's motion to hold defendant in contempt, characterizing said motion as being one "based upon dissatisfaction with accounting procedures". The court granted plaintiff leave to renew to the extent of seeking appointment of a Referee to compute or, alternatively, of an accountant "to set in motion the necessary procedures for the resolution of this financial difference between these former law partners." This order incorrectly implied that defendant had satisfied his obligations under the interlocutory judgment. It is also inconsistent with that portion of the judgment which had set forth a detailed procedure to be followed with regard to discovery, the filing of objections, and the noticing of the matter for a hearing following defendant's submission of a proper accounting. It is well settled that "a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction" *(Matter of Dondi v Jones,* 40 NY2d 8, 15). If defendant was of the opinion that the interlocutory judgment was too burdensome to comply with, his remedy was to appeal from it, pursuant to CPLR 5701 (subd [a], par 1). Plaintiff's motion to punish defendant for contempt should have been granted on the condition set forth above. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.