■ YVONNE P. WAGENMANN, Respondent-Appellant, v RONALD E. WAGENMANN, Appellant-Respondent, and HENRY STANZIALE, Respondent. — In a matrimonial action, defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated July 27, 1981, as, in part, granted the motion of a receiver to confirm his report and supplemental report with respect to the sale of certain realty and (2) as limited by his notice of appeal and brief, from stated portions of an order of the same court, dated November 19, 1981, which, *inter alia,* directed disbursement of the proceeds from the sale of the realty. Plaintiff cross-appeals from stated portions of the order dated November 19, 1981. Order dated July 27, 1981,

modified, on the facts and in the exercise of discretion, by reducing the fee awarded to the attorney for the receiver with regard to the Smithtown property from $4,495.12 to $2,247.56 and the fee awarded to the attorney for the receiver with regard to the Dix Hills property from $42,046.48, inclusive of expenses, to $12,000, plus expenses of $2,046.48. As so modified, order dated July 27, 1981 affirmed insofar as appealed from, without costs or disbursements. Order dated November 19, 1981 reversed, on the law, without costs or disbursements, the motions of the parties are granted to the extent that (1) from the proceeds of the sale of the real property owned by the parties, the receiver is directed to pay the sum of $40,000 to Kathleen Wagenmann, the defendant's mother, in accordance with the stipulation of the parties which was incorporated but not merged in the judgment of divorce between them, (2) after the deduction and payment of said sum to defendant's mother, the receiver is directed to divide the balance of the proceeds into two equal parts, one of which parts he shall pay to the plaintiff, and (3) with respect to the remaining one half of the balance of the proceeds, (a) the receiver shall deduct all the fees, costs and administrative expenses fixed in the order dated July 27, 1981, and shall pay the same in accordance therewith, and (b) the receiver shall deduct and pay to plaintiff the sum of $750 advanced by her for the receiver's bond, the sum of $7,500 for expenses and legal fees incurred by plaintiff, and the sum of $1,217 representing reimbursement to plaintiff of one half of the taxes that were owed on the Dix Hills premises at the time those premises were sold and (c) the remainder, if any, shall be paid by the receiver to the defendant, after deductions of the receiver's appellate expenses, to be determined at a hearing; in the event that said one-half balance of the proceeds is insufficient to satisfy the foregoing deductions, the same shall be paid by the defendant personally, and in all other respects the motions of the parties are denied. The matter is remitted to the Supreme Court, Kings County, for a hearing to determine the reasonable expenses incurred by the receiver in connection with these appeals. The parties were divorced by a judgment of the Supreme Court, Kings County, dated October 17, 1977. Pursuant to a stipulation entered into in open court, which was incorporated but not merged in the divorce judgment, the parties agreed, among other things, that two one-family houses owned by them would be sold and, after the deduction of expenses and the repayment of a $40,000 advance made by defendant's mother, Mrs. Kathleen Wagenmann, the proceeds would be distributed evenly. As a result of defendant's obstinance in refusing to abide by the stipulation and permitting the sales of the property to go forward, plaintiff ultimately sought and obtained the appointment of a receiver to effectuate the judgment. Defendant unsuccessfully moved to vacate the appointment at Special Term. This court affirmed (*Wagenmann v Wagenmann,* 73 AD2d 601, mot for lv to app dsmd 49 NY2d 1046). Upon the motion of the receiver, Special Term confirmed his report and supplemental report concerning the sale of the two properties, fixing the fees of the receiver and his attorneys. In a separate order, Special Term directed that plaintiff be reimbursed for certain expenses and legal fees incurred by her in connection with the receivership and that the sum of $25,000 be held as a reserve for legal expenses. These deductions were to be made prior to the division of the proceeds. No provision was made for the return of the $40,000 advance by defendant's mother, however, the court reasoning that defendant's conduct had so dissipated the fund that the rights of his mother as a third-party beneficiary were lost. Defendant now appeals from the order confirming the receiver's reports and the parties cross-appeal from the order directing the disbursement of the proceeds. We find that the attorneys' fees fixed by Special Term are excessive to the extent indicated above, that Mrs. Kathleen Wagenmann is entitled, in accordance with the stipula-

tion, to receive repayment of the moneys advanced by her, and that the costs and expenses of the receivership should be charged against defendant's share of the proceeds alone as provided by the order appointing the receiver. The appointment of the receiver was to effectuate the judgment, including the stipulation incorporated therein, insofar as possible, by selling the properties as the parties had agreed (see CPLR 5106). There is no basis upon which it can be concluded that the appointment of the receiver visited or abrogated the stipulation requiring payment of the loan to defendant's mother upon the sale of the properties (cf. *Beckford v Beckford,* 54 AD2d 968). That the sale of one property was for less than the parties had stipulated was satisfactorily explained by the condition of that property by the time of sale. Special Term erred, however, in computing the shares to be distributed by charging the entire fund with the expenses and costs of the receivership prior to division. The order appointing the receiver provided that "there shall be deducted from the proceeds that may be awarded to [defendant] all the costs and administrative expenses including the receiver's fees" and that "after the sale * * * the receiver shall disburse one half of the proceeds to [plaintiff] and the balance shall be paid to [defendant] after deduction *from his proceeds* of the sale * * * the costs, administrative expenses and receivers' [*sic*] fees" (emphasis supplied). That order, which constitutes the law of the case (*Martin v City of Cohoes,* 37 NY2d 162, 165; *Telaro v Telaro,* 25 NY2d 433, 437; *Solomon v Reich,* 84 AD2d 812), contemplates that the defendant bear all costs associated with the receivership (cf. *Bowersock Mills & Power Co. v Joyce,* 101 F2d 1000, 1002-1003; Ann., 68 ALR 878). In order to effectuate that purpose, the respective shares should be calculated first and the expenses then charged against defendant's share alone. We have examined the parties' remaining contentions and find them to be without merit. Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.