■ RITA P. WESTFALL, Appellant, v KENNETH F. WESTFALL, Respondent. [599 NYS2d 184] —Mercure, J. Appeals (1) from an order of the Supreme Court (Travers, J.), entered May 8, 1992 in Rensselaer County, which denied plaintiff's motion to modify a prior order equitably distributing defendant's pension, and (2) from an order of said court, entered August 3, 1992 in Rensselaer County, which, *inter alia,* denied plaintiff's motion for specific performance.

The parties were married in 1974. Plaintiff commenced an action for divorce in 1987. The parties settled the action in September 1991 and plaintiff obtained an uncontested divorce. The financial aspects of the divorce action were resolved in a September 5, 1991 "opt-out property settlement agreement" (hereinafter the agreement). Plaintiff appeals from (1) an order of Supreme Court which denied her motion to amend the domestic relations order implementing the agreement's distribution of defendant's pension, and (2) a subsequent order, *inter alia,* denying plaintiff's motion for specific performance of the agreement's provision for sale of the marital residence and for an order of maintenance based upon defendant's allegedly fraudulent representation concerning his continuation of health insurance benefits for plaintiff.

We first direct our attention to the agreement's provision for distribution of defendant's pension with the New York State and Local Police and Fire Retirement System (hereinafter the System). After providing that upon defendant's retirement, plaintiff was to receive a share of each pension payment equal to one half of the marital portion thereof, calculated according to the formula utilized in *Majauskas v Majauskas* (61 NY2d 481), the agreement states in article V (C):

"3. [Plaintiff] shall be treated as a 'surviving spouse' for the purpose of determining her rights to benefits under [defendant's] said plan for as long as she lives.

"4. It is further agreed that [defendant] shall elect the option or options, if any, which shall maximize the gross amount of his monthly pension benefit."

The domestic relations order submitted by plaintiff for

Supreme Court's consideration required, among other things, that defendant select "any option which shall maximize the gross amount of his monthly pension benefit with the [System] * * * [and also that defendant] select an option which shall require the [System] to pay [plaintiff] * * * upon [defendant's prior death] a sum equal to the monthly payments received by [plaintiff] during [defendant's] retired life". By letters dated December 10, 1991 and December 13, 1991, defendant's counsel objected to the proposed order's provision for survivor's benefits as contrary to the agreement. Nonetheless, it appears that plaintiff secured Supreme Court's signature to the order on December 12, 1991. The System refused to accept the order, however, primarily because the "Single Life Allowance" option, which provides for the maximum monthly benefit to the participant, provides no payments following the participant's death.

Subsequently, plaintiff moved to amend Supreme Court's order by deleting the requirement that defendant select the option paying the maximum monthly benefit, while retaining the provision for payment of full benefits to plaintiff upon defendant's prior death. Defendant opposed the motion, contending that the proposed amended order was contrary to the terms of the agreement, which required defendant to make the election which maximized monthly pension benefits and made no provision for the payment of survivor's benefits to plaintiff. Supreme Court agreed with defendant and denied the motion.

There should be an affirmance of Supreme Court's May 8, 1992 order. We reject plaintiff's contention that article V (C) (3) of the agreement requires defendant to elect a pension option providing for survivor's benefits. Although the agreement's provision for treating plaintiff as a "surviving spouse" is an essential prerequisite to her receipt of survivor's benefits (see, 26 USC § 414 [p] [5]; 11C Zett-Kaufmann-Kraut, NY Civ Prac, Appendix L, ¶ 2), it does not require an election providing for such benefits. To the contrary, the clear direction that defendant make an election maximizing regular monthly benefits suggests quite the opposite (see, McDermott v McDermott, 119 AD2d 370, 372, appeal dismissed 69 NY2d 1028).

We now turn to the appeal from Supreme Court's August 3, 1992 order. The agreement provided that the parties would promptly list the marital residence for sale with a specified realtor at an initial listing price of $115,000. The listing price was then to be reduced by 5% every 60 days if a purchase offer had not been received. Despite plaintiff's frequent pro-

tests, as of March 3, 1992 the property, in which defendant resides, still had not been listed with the specified realtor, who at that time refused to accept the listing because she "ha[d] so much negative information it would be almost impossible * * * to market [the] property in accordance with the [agreement]". The record amply supports plaintiff's contention that defendant purposely supplied the realtor with negative information about the property, including a detailed (and unsolicited) estimate for recommended repairs to the property totaling $82,795, and otherwise engaged in conduct intended to obstruct the listing and sale of the property. Under the circumstances, we conclude that Supreme Court erred in refusing to appoint a receiver to sell the property (see, Wagenmann v Wagenmann, 96 AD2d 534, 535).

We have considered plaintiff's remaining contention and find it to be lacking in merit.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order entered May 8, 1992 is affirmed, without costs. Ordered that the order entered August 3, 1992 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for appointment of a receiver to sell the parties' marital residence; motion granted to that extent; and, as so modified, affirmed.