FLORA TREZZA, Respondent, v RICHARD TREZZA, Appellant. [822 NYS2d 121]—

In a matrimonial action in which the parties were divorced by judgment dated February 6, 1998, the defendant former husband appeals from so much of an order of the Supreme Court, Queens County (Leibowitz, J.), dated March 25, 2005, as, sua sponte, appointed the plaintiff former wife as receiver of the former marital residence, authorized her to enter into a contract of sale and to execute all documents necessary to sell the property and transfer title thereto on his behalf, and directed the plaintiff's attorney to hold the former husband's distributive share of the proceeds of the sale in escrow until released upon application to the court.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the parties' stipulation of settlement which was incorporated but not merged into the judgment of divorce dated February 6, 1998, the parties agreed that the former marital residence would be sold. The former husband refused to execute a contract of sale, and the former wife moved to hold him in contempt and to have the court appoint her as the agent of the former husband to facilitate the sale of the former marital residence. Thereafter the parties entered into a stipulation dated October 15, 2004, resolving the motion. In the stipulation, the parties agreed that the former marital residence would be appraised and that the former husband would execute a contract of sale as long as the sale price was within $50,000 of the appraised price. The former marital residence was appraised at

$600,000 and the former wife entered into a contract of sale with a third party for the sum of $575,000. Upon the former husband's refusal to execute the contract of sale, inter alia, the former wife was appointed receiver for the limited purpose of authorizing her to enter into a contract of sale and to execute all documents necessary to sell the property and transfer title thereto.

The Supreme Court properly appointed the former wife as receiver to effectuate the sale of the former marital residence. Her appointment as receiver was necessary because the former husband's willful failure to cooperate in effectuating the sale of the former marital residence as required by the parties' written stipulation (*see Stern v Stern,* 282 AD2d 667, 668 [2001]; *Bock v Bock,* 170 AD2d 423, 424 [1991]).

The former husband's remaining contentions are either improperly raised for the first time on appeal or without merit (*see Mann v All Waste Sys.,* 293 AD2d 656 [2002]; *Goldblatt v LaShellda Maintenance Co.,* 278 AD2d 451 [2000]). Miller, J.P., Adams, Skelos and Covello, JJ., concur.