■ VICTORIA LUTZ, Respondent, v BRUCE H. GOLDSTONE, Appellant. [840 NYS2d 620]—

Motion by the appellant, in effect, for leave to reargue appeals from two orders of the Supreme Court, Westchester County (Donovan, J.), dated December 20, 2004, and April 20, 2005, respectively, two orders of the same court both dated May 10, 2005, and a money judgment of the same court dated July 21, 2005, which were determined by decision and order of this Court dated July 5, 2006.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated July 5, 2006 (*Lutz v Goldstone*, 31 AD3d 398 [2006]), is recalled and vacated, and the following decision and order is substituted therefor:

In a matrimonial action in which the parties were divorced by judgment dated May 9, 1994, the defendant former husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated December 20, 2004, as granted those branches of the plaintiff former wife's motion which were to appoint a receiver for the purpose of selling the former marital residence, in effect, to direct the defendant to bear the cost of the receiver, and to direct the defendant to pay the carrying charges and expenses on the former marital residence from November 24, 2004, until the date of the sale of the residence, (2) from an order of the same court dated April 20, 2005, which granted the plaintiff former wife's motion, inter alia, to quash a subpoena duces tecum he issued to the plaintiff's counsel, (3) from an order of the same court dated May 10, 2005, which granted the plaintiff's application to award costs pursuant to 22 NYCRR 130-1.1 in the sum of $1,500 as an attorney's fee to be paid to the plaintiff's counsel, (4) from an order of the same court also dated May 10, 2005, which, after a hearing, among other things, granted those branches of the plaintiff's motion which were to hold him in civil contempt of the judgment of divorce, and to direct him to

pay the plaintiff the carrying costs on the former marital residence from April 1, 2004, to December 22, 2004, in the sum of $33,431.85, and awarded her an attorney's fee pursuant to Domestic Relations Law § 237 in the sum of $29,362.24, and "additional damages" in the sum of $278,863, all upon the closing of the sale of the former marital residence, with leave to the plaintiff to enter a judgment against him in the foregoing amounts if the sale did not take place within 90 days of April 20, 2005, and (5) from a money judgment of the same court dated July 21, 2005, which, upon the defendant's failure to make the payments directed in the second order dated May 10, 2005, is in favor of the plaintiff and against him in the principal sum of $341,657.09.

Ordered that the appeals from the order dated April 20, 2005, and the first order dated May 10, 2005, are dismissed as abandoned (*see* 22 NYCRR § 670.8 [e]), without costs or disbursements; and it is further,

Ordered that the money judgment is modified, on the law, by deleting therefrom the sum of "$341,657.09" and substituting therefor the sum of "$31,715.92"; as so modified, the money judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 20, 2004, is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, to direct the defendant to bear the cost of the receiver and substituting therefor a provision directing the parties to share equally the cost of the receiver, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was to direct the defendant to pay the carrying charges and expenses on the former marital residence from November 24, 2004, until the date of the sale of the residence and substituting therefor a provision directing that those charges and expenses are to be borne equally by the parties; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated May 10, 2005, is modified, on the law, (1) by deleting the first decretal paragraph thereof granting that branch of the plaintiff's motion which was to adjudicate the defendant in civil contempt and substituting therefor a decretal paragraph denying that branch of the motion, (2) by deleting from the second decretal paragraph thereof the sum of "$33,431.85" and substituting therefor the sum of "$16,715.92," (3) by deleting the last sentence of the second decretal paragraph thereof, (4) by deleting the third decretal

paragraph thereof, inter alia, awarding the plaintiff the sum of $278,863 as "additional damages," (5) by deleting from the fourth decretal paragraph thereof the sum of "$29,362.24" and substituting therefor the sum of "$15,000," (6) by deleting the last sentence of the fourth decretal paragraph thereof, and (7) by deleting the fifth decretal paragraph thereof; as so modified, the second order dated May 10, 2005, is affirmed, without costs or disbursements.

In light of the acrimonious relationship between the parties, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to appoint a receiver for the purpose of selling the marital residence (*see Altmann v Finger*, 23 AD3d 591 [2005]; *Martinucci v Martinucci*, 288 AD2d 444 [2001]). However, the court should have directed that the parties bear the cost of the receiver equally, rather than making that cost the defendant's sole responsibility. Furthermore, the court should have directed that the parties bear equally the carrying charges and expenses on the former marital residence from April 1, 2004, to the date of the sale of the residence. Finally, upon the sale of the marital residence the plaintiff is to be awarded half of the net proceeds therefrom, in addition to an attorney's fee of $15,000, pursuant to Domestic Relations Law § 237.

The plaintiff did not meet her burden of proving the defendant's alleged civil contempt of the judgment of divorce by clear and convincing evidence (*see Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]). Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt (*see* Judiciary Law § 753 [A] [3]). Moreover, based on our determination that the wife did not establish the husband's contempt by clear and convincing evidence, the award by the Supreme Court of $278,863 in "additional damages" was error.

The parties' remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Florio, JJ., concur.