Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Nolan Jr., J.), entered January 30, 2012 in Saratoga County, which, among other things, sua sponte, appointed a receiver of certain real property owned by the parties, and (2) from an order of said court, entered April 30, 2012, which denied defendant’s motion to vacate the prior order.
The parties, who have appeared before this Court on three prior occasions (99 AD3d 1129 [2012]; 82 AD3d 1294 [2011]; 49 AD3d 949 [2008]), were married in 1980, and plaintiff (hereinafter the wife) commenced this action for divorce in 2006. Pursuant to the terms of the parties’ March 2009 amended judgment of divorce, defendant (hereinafter the husband) was permitted to retain title to and possession of the marital property, which is located in the Town of Madrid, St. Lawrence County, provided that he paid the wife one half of the equity contained therein by a specified date. In the event that the husband opted not to do so, the amended judgment directed that the property be listed for sale with a licensed real estate broker and that the resulting proceeds be divided equally between the parties. Supreme Court subsequently granted the wife’s motion to, among other things, compel the husband to sign a listing agreement with realtor Jennifer Stevenson. The property thereafter was listed with *1109 Stevenson for $192,000 from July 2009 through January 2010, at which time the listing expired.
When the property failed to sell, the wife moved to, among other things, modify the terms of the amended judgment to permit Stevenson to reduce the listing price. Supreme Court denied that portion of the wife’s motion, without prejudice, based upon her failure to establish that the original listing price no longer reflected the market value of the property. Thereafter, in August 2011, the wife again sought to modify the terms of the amended judgment in order to, among other things, permit the property to be relisted with Stevenson at a price of $175,000.* The husband opposed the motion contending, among other things, that he was in no way impeding Stevenson’s efforts to market and sell the property. By order entered January 30, 2012, Supreme Court denied the requested relief but, sua sponte, directed that a receiver be appointed to carry out the sale of the marital property in accordance with the terms of the amended judgment. The husband’s subsequent motion to vacate that order was denied in April 2012, prompting these appeals.
We affirm. “A court, by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions” (CPLR 5106; see Wagenmann v Wagenmann, 96 AD2d 534, 536 [1983]). Whether a receiver should be appointed in a particular matter is a determination committed to the trial court’s sound discretion (see generally Lutz v Goldstone, 42 AD3d 561, 563 [2007]; Altmann v Finger, 23 AD3d 591, 592 [2005]).
Here, in light of the husband’s obstructionist tactics and the demonstrated deterioration of the marital property, we cannot say that Supreme Court abused its discretion in appointing a receiver to effectuate the sale of the marital residence consistent with the terms of the amended judgment of divorce (see Lutz v Goldstone, 42 AD3d at 563; Trezza v Trezza, 32 AD3d 1016, 1017 [2006]; Stem v Stern, 282 AD2d 667, 668 [2001]; cf. Westfall v Westfall, 194 AD2d 960, 961-962 [1993]). Notably, such relief may be awarded sua sponte (see Tirado v Miller, 75 AD3d 153, 159 [2010]) and, under the particular facts of this case, we reject the husband’s assertion that a hearing was warranted. We do note, however, that in appointing a receiver, Supreme Court made no mention of whether an undertaking *1110 would be required (see CPLR 5106, 6403), nor did it specify the manner in which the cost of the receiver would be allocated between the parties (see generally Lutz v Goldstone, 42 AD3d at 563). We therefore remit this matter to Supreme Court for these purposes. The husband’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, EJ., Lahtinen and Spain, JJ., concur. Ordered that the orders are affirmed, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

 In the interim, Supreme Court issued a second amended judgment, which granted plaintiff certain relief relative to her equitable interest in defendant’s pension, but did not otherwise alter the provisions set forth in the amended judgment.