■ LINDA FOLEY, Appellant, v JAY GOOTENBERG, Respondent. [26 NYS3d 336]—

Appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 5, 2014. The order, insofar as appealed from, granted that branch of the defendant's motion which was for the appointment of a receiver to effectuate the sale of the former marital residence and, sua sponte, authorized the receiver to take possession and sell personal property located within the former marital residence.

Ordered that, on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, authorized the receiver to take possession and sell personal property located within the former marital residence is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, sua sponte, authorizing the receiver to take possession and sell personal property located within the former marital residence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this matrimonial action, the parties entered into a written stipulation of settlement, which was incorporated but not

merged into a judgment of divorce entered February 18, 2014. The defendant moved, inter alia, for the appointment of a receiver to effectuate the sale of the former marital residence. The Supreme Court granted that branch of the defendant's motion which was for the appointment of a receiver to effectuate the sale of the former marital residence and, sua sponte, authorized the receiver to take possession and sell personal property located within the former marital residence. The plaintiff appeals.

"A court, by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions" (CPLR 5106; see Wagenmann v Wagenmann, 96 AD2d 534 [1983]). Whether a receiver should be appointed in a particular matter is a determination committed to the court's sound discretion (see generally Lutz v Goldstone, 42 AD3d 561, 563 [2007]; Altmann v Finger, 23 AD3d 591 [2005]). Here, in light of the acrimonious relationship between the parties and the plaintiff's willful failure to cooperate in effectuating the sale of the former marital residence, as required by the parties' stipulation of settlement, the Supreme Court providently exercised its discretion in appointing a receiver to sell the former marital residence (see Lutz v Goldstone, 42 AD3d 561 [2007]; Trezza v Trezza, 32 AD3d 1016 [2006]; Altmann v Finger, 23 AD3d 591 [2005]).

However, the Supreme Court improvidently exercised its discretion in, sua sponte, authorizing the receiver to take possession and sell personal property located within the former marital residence. The parties agreed in their stipulation of settlement that they would each retain ownership of the personal property in their possession, the plaintiff occupied the former marital residence when the stipulation was signed, the stipulation stated that she could occupy the former marital residence until it was sold, and nothing in the record demonstrates that the parties disagreed on the distribution of their personal property.

The plaintiff's remaining contentions are improperly raised for the first time on appeal. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.