■ ELDRIDGE ZEPHIRIN, Appellant, v FRANCK PIERRE-LOUIS, Respondent. [35 NYS3d 233]—

Appeals from (1) an order of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), dated December 13, 2013, and (2) an order of that court dated March 24, 2014. The order dated December 13, 2013, insofar as appealed from, granted that branch of the defendant's motion which was to appoint a receiver to sell the former marital residence. The order dated March 24, 2014, insofar as appealed from, denied those branches of the plaintiff's motion which were for an award of child support for a child not previously identified in the parties' stipulation, to appoint a receiver to sell the defendant's interest in the former marital residence to her, and to appoint a receiver to sell certain real property owned by the parties in Haiti.

Ordered that the order dated December 13, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 24, 2014, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was to appoint a receiver to sell certain real property owned by the parties in Haiti, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In this matrimonial action, the parties entered into a stipulation of settlement dated August 6, 2010, which was incorporated but not merged into the parties' judgment of divorce dated January 14, 2011. The plaintiff subsequently moved for various relief, including an award of child support for a child the plaintiff alleged that the parties adopted from Haiti in 2005. The defendant denied having formally adopted the child. Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was for an award of child support. The plaintiff cannot seek support for the subject child in the context of this matrimonial action, since the record indicates that the child was not named in the complaint, and no provision was made for the child in the parties' stipulation of settlement or judgment of divorce. It is

unclear from the record whether the parties actually adopted the child. Under the particular circumstances of this case, the proper procedure is for the mother to seek relief pursuant to Family Court Act § 461.

"A court, by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions" (CPLR 5106; *see Foley v Gootenberg*, 137 AD3d 744, 745 [2016]). Here, the plaintiff failed to cooperate in effectuating the sale of the former marital residence, as required by the parties' stipulation of settlement. Additionally, the plaintiff, who had exclusive use and possession of the residence, was responsible for paying the mortgage and carrying charges on it, and the evidence showed that the property was the subject of a foreclosure proceeding. Under the circumstances, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to appoint a receiver to sell the former marital residence, and in denying that branch of the plaintiff's motion which was to appoint a receiver to sell the defendant's share of the former marital residence to her (*see Foley v Gootenberg*, 137 AD3d at 745; *Trezza v Trezza*, 32 AD3d 1016, 1017 [2006]).

However, in light of the fact that the real property owned by the parties located in Haiti was not listed for sale within 90 days of the date of the stipulation of settlement as required by its terms, and given the acrimonious relationship between the parties, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to appoint a receiver to sell that real property (*see* CPLR 5106; *Foley v Gootenberg*, 137 AD3d at 745; *Lutz v Goldstone*, 42 AD3d 561, 563 [2007]). Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.