Caponera v Caponera (2018 NY Slip Op 07284)





Caponera v Caponera


2018 NY Slip Op 07284


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-11070
2016-08212
 (Index No. 22394/08)

[*1]Florence Caponera, respondent,
v
Anthony Caponera, appellant.


Law Offices of Andrew J. Spinnell, LLC, New York, NY, for appellant.
Adam H. Moser, Rockville Centre, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered September 4, 2015, and (2) an order of the same court entered July 29, 2016. The order entered September 4, 2015, granted the plaintiff's motion to appoint her as receiver of the marital residence. The order entered July 29, 2016, insofar as appealed from, denied that branch of the defendant's cross motion which was to direct that the marital residence be placed on the market for sale.
ORDERED that the order entered September 4, 2015, is affirmed; and it is further,
ORDERED that the order entered July 29, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties, who were married in 1991, entered into a stipulation of settlement on April 7, 2010. They agreed, inter alia, that the plaintiff would have exclusive occupancy of the marital residence until November 1, 2013, unless she remarried or cohabited with an unrelated adult, in which case the marital residence would be placed on the market for sale. The stipulation of settlement was incorporated but not merged into their subsequent judgment of divorce dated September 21, 2010. In July 2014, the parties entered into a so-ordered stipulation, agreeing that ownership of the marital residence would be transferred to the plaintiff. The plaintiff married shortly after entering into the so-ordered stipulation, and thereafter, the defendant refused to effectuate the transfer of ownership of the marital residence to the plaintiff. The plaintiff moved to be appointed as receiver of the marital residence. The defendant cross-moved, inter alia, to direct that the marital residence be placed on the market for sale. He argued that the provision of the stipulation of settlement, which stated that the marital residence would be sold if the plaintiff remarried, still applied. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
A stipulation of settlement in a divorce proceeding that is incorporated but not merged into a judgment of divorce constitutes a contract between the parties subject to the principles of [*2]contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847; Ambrose v Ambrose, 128 AD3d 746, 746; Ayers v Ayers, 92 AD3d 623, 624; Etzion v Etzion, 84 AD3d 1015, 1016). Where the parties modify a stipulation of settlement, such "modification agreement is binding according to its terms and may only be withdrawn by agreement'" (Matter of O'Connor v Curcio, 281 AD2d 100, 102, quoting Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184).
Here, the parties modified the provision of the stipulation of settlement that directed that the marital residence would be placed on the market for sale if the plaintiff remarried or cohabitated with an unrelated adult, by agreeing, in the July 2014 so-ordered stipulation, that ownership of the marital residence would be transferred to the plaintiff. Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was to direct that the marital residence be placed on the market for sale.
"A court, by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions" (CPLR 5106; see Wagenmann v Wagenmann, 96 AD2d 534, 536). "Whether a receiver should be appointed in a particular matter is a determination committed to the court's sound discretion" (Foley v Gootenberg, 137 AD3d 744, 745). Here, in light of the acrimonious relationship between the parties and the defendant's willful failure to cooperate in effectuating the transfer of ownership of the marital residence to the plaintiff, as required by the parties' July 2014 so-ordered stipulation, the Supreme Court providently exercised its discretion in appointing the plaintiff to be the receiver of the marital residence (see Foley v Gootenberg, 137 AD3d at 745; Lutz v Goldstone, 42 AD3d 561, 563; Trezza v Trezza, 32 AD3d 1016; Altmann v Finger, 23 AD3d 591, 592).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court