Mangra v Mangra (2019 NY Slip Op 02332)





Mangra v Mangra


2019 NY Slip Op 02332


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2016-01610 
2016-11454
2016-11455
 (Index No. 17753/13)

[*1]Thameshwar Mangra, etc., respondent,
v
Parbatee Mangra, appellant.


Dustin Bowman, Esq., P.C., Kew Gardens, NY (Matthew Routh of counsel), for appellant.
John A. Gemelli, P.C., Forest Hills, NY (David M. Gross of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Elizabeth A. Anderson, Ct. Atty. Ref.), entered December 29, 2015, and two orders of the same court, both dated September 6, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated October 27, 2015, made after a nonjury trial, awarded the plaintiff's decedent title to real property located at 111-09 103rd Avenue, Richmond Hill, awarded the defendant title to real property located at 104-61 Atlantic Avenue, Richmond Hill, and denied the defendant a distributive share of the retirement accounts of the plaintiff's decedent. The first order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 4404(b) and 5015 to vacate so much of the judgment of divorce as determined issues of equitable distribution, and granted that branch of the plaintiff's cross motion which was to appoint him receiver of the real property located at 111-09 103rd Avenue, Richmond Hill. The second order, inter alia, appointed the plaintiff receiver of the real property located at 111-09 103rd Avenue, Richmond Hill.
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2013, Khamraj Mangra, who is now deceased (hereinafter the decedent), commenced this action for a divorce and ancillary relief.
During their 12-year, childless marriage, the parties acquired real property located at 111-09 103rd Avenue in Richmond Hill (hereinafter the 103rd Avenue property), as well as real property located at 104-61 Atlantic Avenue, Richmond Hill (hereinafter the Atlantic Avenue [*2]property). The entirety of the Atlantic Avenue property was rented out to various tenants, while only a portion of the 103rd Avenue property was rented out to tenants. The unrented portion of the 103rd Avenue property was occupied by the parties prior to their separation and thereafter by the defendant.
At trial, held before a Court Attorney Referee, the parties acknowledged that the Atlantic Avenue property, which was titled solely in the defendant's name, was more valuable than the 103rd Avenue property, which was essentially underwater, that is, the amount owed on the mortgages on that property exceeded its fair market value. However, each party expressed the desire to occupy the 103rd Avenue property and neither party sought to have the properties sold. The decedent argued that he should be permitted to occupy the 103rd Avenue property due to a medical condition, while the defendant contended that she should be permitted to occupy the 103rd Avenue property as it was more affordable to her. The Supreme Court awarded the decedent the 103rd Avenue property but required him to indemnify and hold the defendant harmless for any financial obligations with respect to that property and to cause the defendant to be removed from the mortgages on that property. The defendant was awarded the Atlantic Avenue property and, to balance out the difference in the values of the two properties, the decedent was awarded full title to all of his retirement accounts, including amounts he withdrew therefrom during the pendency of the action. A judgment of divorce was entered on December 29, 2015.
In early January 2016, the defendant moved, inter alia, pursuant to CPLR 4404(b) and 5015 to vacate so much of the judgment of divorce as determined issues of equitable distribution. The decedent died on January 30, 2016. Thameshwar Mangra, the decedent's son by a prior marriage, was named executor of the decedent's estate and, by stipulation, was substituted as the plaintiff (hereinafter the plaintiff). The plaintiff cross-moved, among other things, to be appointed receiver of the 103rd Avenue property so that he could effectuate a transfer of title to that property from the defendant to the decedent's estate. In an order dated September 6, 2016, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross motion which was to appoint the plaintiff as receiver of the 103rd Avenue property. In a separate order, also dated September 6, 2016, the court, among other things, appointed the plaintiff receiver of the 103rd Avenue property for the purpose of effectuating the transfer of title. The defendant appeals from the judgment of divorce and both orders.
As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Anvaer v Anvaer, 160 AD3d 794). The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (see Gafycz v Gafycz, 148 AD3d 679; Halley-Boyce v Boyce, 108 AD3d 503, 504). Here, we discern no proper basis for disturbing the equitable distribution determination made by the Court Attorney Referee.
" A court, by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions'" (Caponera v Caponera, 165 AD3d 1221, 1222, quoting CPLR 5106; see Wagenmann v Wagenmann, 96 AD2d 534, 536). " Whether a receiver should be appointed in a particular matter is a determination committed to the court's sound discretion'" (Caponera v Caponera, 165 AD3d at 1222-1223, quoting Foley v Gootenberg, 137 AD3d 744, 745). Here, the record supports the Supreme Court's determination that the defendant failed to cooperate in effectuating the transfer of title to the 103rd Avenue property, as required by the judgment of divorce. Under the circumstances, the court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to be appointed receiver of the 103rd Avenue property to effectuate the transfer of title (see Zephirin v Pierre-Louis, 141 AD3d 517, 518).
We also agree with the Supreme Court's determination to deny those branches of the defendant's motion which were pursuant to CPLR 4404(b) and 5015 to vacate so much of the judgment of divorce as determined issues of equitable distribution. Pursuant to CPLR 4404(b), after a trial not triable as of right by a jury, upon the motion of any party or on its own initiative, the court [*3]may set aside its decision and issue a new decision based on, inter alia, newly discovered evidence (see Da Silva v Savo, 97 AD3d 525, 526). Pursuant to CPLR 5015(a)(2), the court which rendered a judgment may relieve a party from it upon the grounds of, among other things, "newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial." "In order for relief to be granted under CPLR 4404 (b) or 5015 (a) (2) based on newly-discovered evidence, the movant must show that it could not have previously discovered the evidence" (Da Silva v Savo, 97 AD3d at 526).
Here, the defendant failed to demonstrate either that the claimed newly discovered evidence would probably have produced a different result or that she could not have previously discovered the alleged new evidence. While the defendant alleged that she had discovered "title issues" with respect to the Atlantic Avenue property, the record reflects that the defendant's deed to that property was recorded on July 4, 2004, prior to other deeds referenced by the defendant, which were not recorded until May 2, 2006, more than nine years prior to the commencement of the trial in this action. The defendant failed to explain why she could not have previously discovered the other deeds, which were recorded prior to the commencement of this action. The defendant failed to show that there was any third person who was claiming any right or interest in the title to the Atlantic Avenue property. The defendant also failed to show that the decedent committed any fraud, either upon her or upon the Supreme Court. Thus, we agree with the court's determination to deny those branches of the defendant's motion which were pursuant to CPLR 4404(b) and 5015 to vacate so much of the judgment of divorce as determined issues of equitable distribution.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court