Abizadeh v Abizadeh (2021 NY Slip Op 00279)





Abizadeh v Abizadeh


2021 NY Slip Op 00279


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-11581
 (Index No. 203117/09)

[*1]Ramin Abizadeh, appellant, 
v
Galit Abizadeh, respondent.


Ramin Abizadeh, Albertson, NY, appellant pro se.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered August 13, 2019. The order denied the plaintiff's motion, inter alia, to hold the defendant in civil contempt for failure to comply with a certain provision of a judgment of divorce of the same court dated May 6, 2014.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were divorced by a judgment dated May 6, 2014. In an order after trial dated July 12, 2013, which was incorporated into the judgment of divorce, the parties were directed to place the marital home on the market for sale within 30 days of the date of the order. According to the plaintiff, he attempted to have the marital home sold, but the defendant did not cooperate with the sale. According to the defendant, the plaintiff's failure to pay child support prevented her from moving out of the marital home. As relevant here, in or about August 2014, the plaintiff moved to hold the defendant in contempt for failing to place the marital home on the market for sale. In an order dated March 5, 2015, the Supreme Court appointed a receiver to effectuate the sale of the marital home, presumably due to the acrimony between the parties (see Lutz v Goldstone, 42 AD3d 561). Thereafter, the plaintiff again moved to hold the defendant in contempt for failing to comply with the directive of the judgment of divorce to place the marital home for sale within 30 days of the date of the order, for a money judgment in the sum of $168,153, allegedly representing one half of the marital home's equity that was allegedly dissipated by the defendant's failure to comply with the judgment, and to direct the child support enforcement unit to increase the defendant's child support obligation by the amount of the money judgment. The court denied the plaintiff's motion. The plaintiff appeals.
"In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court's order . . . Finally, prejudice to the right of a party to the litigation must be demonstrated (see Judiciary Law § 753[A])" (Massimi v Massimi, 56 AD3d 624, 624 [internal quotation marks omitted]). The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear and convincing evidence (see Matter of Hughes v Kameneva, 96 AD3d 845).
Here, we agree with the Supreme Court that the plaintiff did not meet his burden of [*2]proving the defendant's alleged civil contempt of the judgment of divorce by clear and convincing evidence (see Pathak v Shukla, 164 AD3d 687, 688-689; Vujovic v Vujovic, 16 AD3d 490, 491). While the plaintiff, in support of his motion, submitted numerous documents, including copies of court orders and pleadings evidencing the parties' extensive litigation, the only evidence he submitted in support of his contention that the defendant should be held in contempt for failing to comply with the directive to sell the marital home was several letters and emails he sent to the defendant regarding the directive to sell the home. However, all these correspondences pre-date the appointment of the receiver in March 2015. Any recalcitrance there may have been on the part of the defendant was addressed and cured by the court's appointment of a receiver, who remained in place until the sale of the marital home albeit by a foreclosure auction.
The plaintiff's remaining contentions either are without merit or have been rendered academic.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court