Saks v Saks (2021 NY Slip Op 06382)





Saks v Saks


2021 NY Slip Op 06382


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-14213
 (Index No. 3793/14)

[*1]Scott Saks, appellant,
v
Victoria Rosman Saks, respondent.


Scott Saks, White Plains, NY, appellant pro se.
Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Jo-Ann Cambareri, and Scott Stone of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated June 8, 2017, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated October 18, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was to confirm a referee's report dated August 6, 2018, and appointed the defendant receiver to effectuate the sale of the parties' former marital residence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties entered into a stipulation of settlement dated February 3, 2017, which was incorporated but not merged into a judgment of divorce dated June 8, 2017. The stipulation, among other things, provided that the parties would sell their former marital residence, and mandated an initial listing price of no less than $1 million. The stipulation further directed the parties to consult with their real estate broker concerning price reductions in the event the property did not sell, and, in the event the parties did not agree, mandated a 5% price reduction if the property did not sell within 90 days. Any price reduction beyond the initial mandatory 5%, however, could only be imposed upon the parties' mutual consent.
In February 2018, the defendant moved for various relief, including, inter alia, to be appointed as receiver to effectuate the sale of the property. The defendant contended that the property was listed in April 2017, and, approximately one month later, the parties' broker urged a
price reduction in order to keep the property competitive with similar properties. According to the defendant, while she expressed her agreement with the broker's recommendations, the plaintiff failed to engage in any dialogue on the subject for several months, and when he finally responded, it was to express his disagreement to any reduction in the sales price. It is undisputed that there had been no offers from any third parties to purchase the property as of the submission of the motion.
In a report dated August 6, 2018, a referee found, among other things, that the portion of the stipulation requiring the parties' mutual agreement to reduce the listing price beyond the mandatory 5% price reduction was "an unenforceable agreement to agree," and further observed that the stipulation contained no other means by which the listing price could be reduced. The referee further found, in effect, that the plaintiff was uncooperative in effectuating the sale of the property, [*2]and therefore, under such circumstances, recommended that the defendant be appointed receiver to effectuate the sale of the property.
The defendant moved, inter alia, to confirm the referee's report and the plaintiff cross-moved to reject the majority of the report. By order dated October 18, 2018, the Supreme Court, among other things, rejected the plaintiff's cross motion as untimely, granted that branch of the defendant's motion which was to confirm the referee's report, and appointed the defendant receiver to effectuate the sale of the former marital residence. The plaintiff appeals.
"The recommendations and report of a referee will not be disturbed when they are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Faistman v Faistman, 165 AD3d 1042, 1043, quoting Hudson v Smith, 127 AD3d 816, 816). "A court, by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions" (CPLR 5106; see Foley v Gootenberg, 137 AD3d 744, 745).
Here, the record substantially supports the referee's recommendation that the defendant be appointed as receiver to effectuate the sale of the former marital residence. The record demonstrates that the plaintiff failed to cooperate in effectuating the sale in derogation of the parties' stipulation of settlement (see Zephirin v Pierre-Louis, 141 AD3d 517, 518; Foley v Gootenberg, 137 AD3d at 745), and therefore, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to confirm the referee's report and appointing the defendant receiver to effectuate the sale of the former marital residence (see Caponera v Caponera, 165 AD3d 1221, 1223; cf. Rogers v Rogers, 190 AD2d 720, 722).
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court