Mage v Mage (2023 NY Slip Op 02504)

Mage v Mage

2023 NY Slip Op 02504

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-05052
 (Index No. 201577/12)

[*1]Christine Mage, respondent,
v
Joseph Mage, appellant.

Terence Christian Scheurer, P.C., Carle Place, NY, for appellant.
Harriette M. Steinberg, P.C., Westbury, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated January 15, 2016, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated February 27, 2020. The order, insofar as appealed from, upon granting that branch of the defendant's motion which was for the appointment of a receiver to sell the marital residence, directed, sua sponte, that the defendant pay 50% of the fees and costs of the receiver.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in directing that each party pay 50% of the fees and costs of the receiver appointed to sell the marital residence, in light of their acrimonious relationship which obstructed the sale of the property (see CPLR 5106; Saks v Saks, 199 AD3d 948; Bennett v Bennett, 112 AD3d 1108).
The plaintiff's contention that the Supreme Court should not have directed that each party pay 50% of the fees and costs of the receiver appointed to sell the marital residence is not properly before this Court, since the plaintiff has not appealed from the order under review.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court